IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOSEPH BERGER,**

    **Plaintiff,**

v.

**DANA COMPANIES, LLC, f/k/a
DANA CORPORATION**

    **Defendant.**                                                **Case No. 08-cv-154-DRH**

## ORDER

**HERNDON, District Judge:**

In this Order, the Court raises *sua sponte* the issue of whether it has subject matter jurisdiction over this case. ***See Wisconsin Knife Works v. Nat'l Metal Crafters,* 781 F.2d 1280, 1282 (7th Cir. 1986)("The first thing a federal judge should do when a complaint is filed is check to see that federal jurisdiction is properly alleged."); *McCready v. White,* 417 F.3d 700, 702 (7th Cir. 2005)("Ensuring the existence of subject matter jurisdiction is the court's first duty in every lawsuit.")**. This case was removed from state court by defendant Dana Companies, LLC, f/k/a Dana Corporation (Doc. 2) on the basis of diversity jurisdiction, pursuant to **28 U.S.C. § 1332**. Upon a threshold review, the Court observes what is a fatal jurisdictional problem. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and

when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." ***Ex parte McCardle*, 7 Wall. 506, 514 19 L. Ed. 264 (1868); *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998)**.  In fact, federal courts are "obliged to police the constitutional and statutory limitations on their jurisdiction" and should raise and consider jurisdictional issues regardless of whether the matter is ever addressed by the parties to the suit.  ***See Kreuger v. Cartwright*, 996 F.2d 928, 930-31 (7th Cir. 1993)**; ***Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986)**.  Moreover, the party invoking federal jurisdiction bears the burden of demonstrating that the jurisdictional requirements have been met.  ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)**.

The statute regarding diversity jurisdiction, **28 U.S.C. § 1332**, requires complete diversity between the parties plus an amount in controversy exceeding $75,000, exclusive of interest and costs.  Complete diversity means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen."  ***Howell v. Tribune Entertainment Co.*, 106 F.3d 215, 217 (7th Cir. 1997) (citations omitted)**.  Under **28 U.S.C. § 1332(c)**, for the purpose of federal diversity jurisdiction, a corporation is deemed a citizen of both the state in which it is incorporated and the state where its principal place of business is located.  ***Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 529 (7th Cir.1985)**.  "The citizenship for diversity purposes of a *limited liability company*,

however, despite the resemblance of such a company to a corporation (the hallmark of both being limited liability), is the citizenship of each of its members." ***Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267 (7th Cir. 2006)(collecting cases)(emphasis added)**; *see also Commonwealth Ins. Co. v. Titan Tire Corp.*, **398 F.3d 879, 881 n.1 (7th Cir. 2004)(citing *Belleville Catering Co. v. Champaign Market Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003))**. As such, unincorporated business entities, such as limited partnerships ("LP") or limited liability companies ("LLC") "are [more appropriately] analogized to partnerships . . . ." ***Belleville Catering Co.*, 350 F.3d at 692 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 110 S. Ct. 1015 (1990))**. Thus, the Seventh Circuit deems an LLC a citizen "of every state of which any member is a citizen." ***Id.* (citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir.1998))**.

In this suit, Defendant, although formerly a corporation, is now an LLC. However, in the Notice of Removal based upon diversity jurisdiction, Defendant has failed to properly plead the citizenship of all its comprising members. Instead, Defendant merely states that " [it] is, and was at the time Plaintiff filed this action, a corporation organized under the laws of the State of Ohio, with its principal place of business in Toledo, Ohio; therefore, Dana is a citizen of Ohio for purposes of determining diversity" (Doc. 2, ¶ 15). Defendant's failure to properly plead the citizenship of the LLC places into question whether the citizenship between the parties is completely diverse. Therefore, the Court must approach this case as if

jurisdiction does not exist. Along these lines, consequently, the Court does not have the authority to "consider the merits of a case over which it is without jurisdiction." ***Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 379 (1981)**. Accordingly, pursuant to **28 U.S.C. § 1447(c)**, the Court must **REMAND** this matter back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois, for lack of subject matter jurisdiction. The Court, in its discretion, declines to award Plaintiff's costs and expenses, including attorneys' fees, pursuant to Section 1447(c).

**IT IS SO ORDERED**.

Signed this 5th day of March, 2007.

/s/     *DavidRHerndon*

**Chief Judge
United States District Court**